**In the Matter of KIRK GILLETT, GENERAL CONTRACTOR, a Co-Partnership consisting of Kirk Gillett and Kate Gillett, Debtor.**

**In the Matter of Adrian Kirk GILLETT, aka Kirk Gillett, Individually and as a Co-Partner in Kirk Gillett, General Contractor, Debtor.**

**In the Matter of Kate GILLETT, Individually, and as a Co-Partner in Kirk Gillett, General Contractor, Debtor.**

Nos. 208053–208055.

United States District Court
S. D. California,
Central Division.
Aug. 10, 1966.

Quittner, Stutman, Treister & Glatt, Los Angeles, Cal., for debtors.

Buchalter, Nemer, Fields & Savitch, Los Angeles, Cal., for receiver.

William J. Lasarow, Los Angeles, Cal., for United Savings and Loan Association of California, respondent.

## MEMORANDUM AND ORDER AFFIRMING REFEREE IN PART AND REMANDING FOR FURTHER PROCEEDINGS.

CRARY, District Judge.

Petitioner, United Savings and Loan Association of California, formerly United Savings and Loan Association of Inglewood, hereafter referred to as United Savings, seeks review of four orders of the Referee, two dated May 4, 1966, one dated May 10, 1966, and the fourth dated June 3, 1966, all pertaining to the same property which is involved herein. The Referee, in his Certificate, observes that on or about August 12, 1963, the debtors executed a Deed of Trust in favor of United Savings of Inglewood on a 69-unit semi-luxury apartment building. On December 30, 1965, petitioner filed an action in the Superior Court of Los Angeles County, case No. SOC-12274, wherein foreclosure was sought of the said Deed of Trust. The Superior Court appointed A. J. Bumb as Receiver and confirmed the appointment on January 25, 1966.

Concurrently, with the said Superior Court action, the petitioner instituted the non-judicial foreclosure of the Trust Deed pursuant to the power of sale provisions therein. Sale under the non-judicial foreclosure was set for April 1, 1966.

The instant matter was commenced March 31, 1966, by the filing by the debtors of the within Chapter XI proceedings. On March 31, 1966, the debtors sought and obtained from the Referee a temporary restraining order against the April 1st foreclosure sale. By order, also of April 1, 1966, the Referee appointed Irving Sulmeyer as Receiver in the Chapter XI proceedings. On April 7th the debtors filed a notice of motion and motion for leave to amend their application to restrain foreclosure of Deed of Trust and for temporary restraining order. By stipulation, hearing of the motion was set for April 21, 1966, and the restraining order continued in effect until said date. On April 11th the debtors filed their amended application to restrain the foreclosure of the Deed of Trust.

On April 15th the Receiver, Sulmeyer, filed his application to (1) restrain the state court foreclosure action, (2) have the state court Receiver deliver the property in his possession to the bankruptcy Receiver, and (3) have the state court Receiver account to the Bankruptcy Court for the property in his trust. On receipt by Receiver Bumb of the Order to Show Cause, set for hearing April 21st, he voluntarily delivered possession of the property in question to Receiver Sulmeyer.

On April 21st petitioner filed its objections to the jurisdiction of the Referee re the application to restrain filed by Receiver Sulmeyer.

The debtors' amended application to restrain foreclosure of the Deed of Trust and the Receiver's application, noted above, were heard on April 21st and the Referee ruled that the Bankruptcy Court

had jurisdiction to restrain further foreclosure proceedings in the Superior Court action. It appears the Referee relied on Sections 311 and 314 (11 U.S.C. §§ 711, 714) of the Bankruptcy Act.

The rulings of the Referee were formalized by three orders:

1. Order of May 4, 1966, restraining United Savings of Inglewood and Master Mortgage Company.
2. Order of May 4, 1966, denying objections by United Savings, et al., to jurisdiction of the Referee to issue a restraining order.
3. Order of May 10, 1966, denying objection of United Savings, et al., to jurisdiction of the Referee to restrain the state court foreclosure action.

Three petitions for review of these Orders were filed, two on May 13, 1966, and one on May 20, 1966.

On April 21st the Referee continued the hearings to May 9th for trial on issues raised by the two applications to restrain foreclosure. On May 9th the trial was continued to May 16th. On the filing of the two petitions for review on May 13th (supra), the Referee ruled that said filing of said petitions suspended the power of the Referee to proceed further in the matter. See Referee's opinion dated May 18th and Order of June 3, 1966.

A fourth petition for review of the Referee's Order of June 3, 1966, was filed on June 13, 1966.

### QUESTIONS PRESENTED

1. Does the Bankruptcy Court have jurisdiction to restrain the foreclosure action in the state court filed prior to the commencement of the Chapter XI proceeding?
2. Does the filing of a Petition for Review of an Order holding the Referee has jurisdiction of certain matters, suspend the power of the Referee to proceed to hear such matters?

The second question refers to the power of the Referee to proceed with the trial to determine the existence of good cause for the continuing in effect of the order restraining the state court action.

In considering the question of the jurisdiction of the Bankruptcy Court to restrain the state court foreclosure action, filed prior to the Chapter XI proceeding herein, it is to be noted that Section 314 (11 U.S.C. § 714) does not provide for the restraining of "judicial" proceedings as did the former, 77B(c) (10). That Section, while providing for the enjoining of judicial proceedings, did not specifically include non-judicial proceedings but the Section was interpreted by the courts as including the authority to enjoin non-judicial acts or proceedings. See 8 Collier on Bankruptcy, page 253, footnote 8. The text writer, in 8 Collier on Bankruptcy, page 253, 14th Ed., under the title "Derivation of Section 314", says:

> "The provisions of § 314 are substantially the same as those of former § 77B(c) (10) of the Act.[7] The language of § 314, however, is somewhat broader, since it provides specifically not only for injunctions against the commencement or continuation of any proceeding to enforce a lien, but also for injunctions against any non-judicial act to enforce a lien.[8] A plan of reorganization under § 77B could deal with secured claims; an arrangement under Chapter XI cannot.[9] Yet the Chapter XI court has been given injunction power with respect to liens securing claims. The injunction power conferred by § 314 is considerably broader than the court possessed in proceedings under former § 74."

Petitioner urges that the broadening of the injunctive powers by Section 314 of Chapter XI applies only to pending non-judicial foreclosure proceedings where judicial action has not been commenced prior to the filing of the Chapter XI petition. Again referring to 8 Collier on Bankruptcy, page 263, Section 3.22 entitled "Injunctions against Acts or Proceedings to Enforce Liens upon Debtor's Property", the text writer, after

commenting on the provisions of Section 314 of the Act, states:

"The word lien is not to be interpreted in a narrow sense, but refers to any security interest in the real or personal property of the debtor.[2] Thus, the court may enjoin the sale of collateral consisting of secured mort-(g)age bonds;[3] it may enjoin the foreclosure of real estate mortgages pledged by the debtor;[4] it may enjoin the sale of collateral consisting of shares of corporate stock;[5] it may enjoin a sale of the debtor's real estate by county authorities for unpaid taxes;[6] it may enjoin the foreclosure of a chattel mortgage.[7] Unlike ordinary bankruptcy proceedings under Chapters I to VII[8] the validity of the security transaction and the time when suit was instituted to enforce the lien of the security do not affect the injunctive power of the court under § 314. In view of the fact that secured claims cannot be affected by the arrangement, injunctions against enforcing liens can be issued only upon notice and for cause shown."

See also 9 Remington, Section 3579, pages 222 and 223-24.

The Referee in In re Empire Steel Company, 228 F.Supp. 316, U.S.D.C. Utah, 1964, denied a petition by the Small Business Administration to dissolve a stay against suits foreclosing its mortgages. The Chapter XI proceeding involved was filed December 3, 1962. The Referee, in an ex parte application, " * * * entered an order staying suits, including suit of the Small Business Administration to foreclose a loan agreement secured by real and chattel mortgages on which there is due approximately $70,000.00." (page 316). On February 4, 1964 the Referee denied the petition to dissolve the stay. The matter was referred back to the Referee by the District Court because of the court's questioning of the adequacy of the grounds for the stay, not because the Referee was without jurisdiction to issue same. (page 319). The petitioner cites a statement of the text writer in 8 Collier on Bankruptcy, 14th Ed., at page 270, in support of its contention that the Referee in Chapter XI proceedings lacks jurisdiction to enjoin attempted foreclosure where the proceeding has been instituted prior to bankruptcy on the theory that the custody of the property will be in the court first acquiring jurisdiction of the property and where the foreclosure action is first filed in the state court it should be maintained without interference from the Bankruptcy Court. It appears to the court from a reading of the comments of the text writer in the Section before and after the portion relied on by petitioner at page 270, that the text writer, in making the observations cited by petitioner, is giving his views with respect to the status of the law in straight bankruptcy proceedings as distinguished from Chapter XI proceedings.

For the foregoing reasons, the court concludes that the Referee has jurisdiction of the state court foreclosure so as to allow supervision of the enforcement by the Referee, in order to protect the interests of the creditors in the Chapter XI proceeding. Restraining of the state suit must, of course, be grounded on just cause.

The parties agree that authority is lacking on the second question posed by the Referee. The Referee observes in his opinion that the question is one of first impression and relies on the general rule re the effect of an appeal from an order of the District Court. The parties agree that the Chapter XI proceedings are progressing before the Referee except for the trial referred to above wherein the issues of just cause, as required by Title 11, U.S.C. § 714, for continuing the restraining order involved would be determined by the Referee. The court's determination of the issues involved in the second question, supra, and return of the matter to the Referee for further proceedings with respect to the justification for the restraining order will make moot the issue of whether the jurisdiction of the Referee was suspended on the filing of the Petition for Review of the Order of the Referee on June 3rd.

The orders of the Referee are affirmed on the jurisdictional issues raised by the petitions for review and the matter is referred back to the Referee for the trial of the issues of just cause for the continuing of the restraining order re the state court foreclosure action.